CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Teresa Allen, SBN 264865
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, <br><br> Plaintiff, <br><br> v. <br><br> **PJF, LLC,** a California Limited Liability Company**;** **JDD, Inc.,** a California Corporation**;** and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Scott Johnson complains of Defendants PJF, LLC, a California Limited Liability Company; JDD, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

1

Complaint

2.   Defendant PJF, LLC owned the real property located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in April 2015.

3.   Defendant PJF, LLC owned the real property located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in July 2015.

4.   Defendant PJF, LLC owned the real property located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in October 2015.

5.   Defendant PJF, LLC owned the real property located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in April 2016.

6.   Defendant PJF, LLC owned the real property located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in June 2016.

7.   Defendant PJF, LLC owned the real property located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in July 2016.

8.   Defendant PJF, LLC owns the real property located at or about 4565 Stevens Creek Blvd., Santa Clara, California, currently.

9.   Defendant JDD, Inc. owned the By-Th'-Bucket Bar and Grill located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in April 2015.

10. Defendant JDD, Inc. owned the By-Th'-Bucket Bar and Grill located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in July 2015.

11. Defendant JDD, Inc. owned the By-Th'-Bucket Bar and Grill located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in October 2015.

12. Defendant JDD, Inc. owned the By-Th'-Bucket Bar and Grill located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in April 2016.

13. Defendant JDD, Inc. owned the By-Th'-Bucket Bar and Grill located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in June 2016.

14. Defendant JDD, Inc. owned the By-Th'-Bucket Bar and Grill located at or about 4565 Stevens Creek Blvd., Santa Clara, California, in July 2016.

15. Defendant JDD, Inc. owns the By-Th'-Bucket Bar and Grill Restaurant ("Restaurant") located at or about 4565 Stevens Creek Blvd., Santa Clara,

Complaint

California, currently.

16. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

17. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

18. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

19. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

20. Plaintiff has gone to the Restaurant on a number of occasions during the relevant statutory period, including April 2015, July 2015, October 2015, April 2016, June 2016 and July 2016. Plaintiff went there to eat.

Complaint

21. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

22. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

23. There were 80 parking spaces in the parking lot serving the Restaurant.

24. There was one standard handicap parking space reserved for persons with disabilities at the Restaurant.

25. There were two van parking spaces reserved for persons with disabilities at the Restaurant.

26. These parking spaces were not maintained in compliance with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

27. The van parking spaces measured less than 216 inches in length.

28. The access aisle measured less than 216 inches in length.

29. The parking stalls marked and reserved for persons with disabilities did not have required tow-away signage.

30. Currently, the van parking spaces measured less than 216 inches in length.

31. Currently, the access aisle measures less than 216 inches in length.

32. Currently, the parking stalls marked and reserved for persons with disabilities does not have required tow-away signage.

33. The barrier existed during each of plaintiff's visits during 2015 and 2016.

34. Additionally, there are not enough parking spaces allocated for persons with disabilities.

35. There are approximately 80 parking spaces at the Restaurant but only 3 spaces reserved for persons with disabilities.

36. Restrooms are another one of the facilities, privileges and advantages offered by Defendants to patrons at the Restaurant.

Complaint

37. The restroom sink was a cabinet style sink that did not provide any knee clearance for wheelchair users.

38. The restroom sink was mounted such that the counter or rim was more than 34 inches above the finish floor.

39. The restroom mirror was mounted on the wall so that its bottom edge was more than 40 inches above the finish floor.

40. Currently, the restroom sink is a cabinet style sink that does not provide any knee clearance for wheelchair users.

41. Currently, the restroom sink is mounted such that the counter or rim is more than 34 inches above the finish floor.

42. Currently, the restroom mirror is mounted on the wall so that its bottom edge is more than 40 inches above the finish floor.

43. The plaintiff frequents the Santa Clara area and has visited there on scores of occasions in the past two years. He ate at the Restaurant in June 2016 and July 2016 and encountered the barriers. He visited the Restaurant on five other occasions but was deterred from going inside.

44. Plaintiff visited the Restaurant once in April 2015.

45. Plaintiff visited the Restaurant once in July 2015.

46. Plaintiff visited the Restaurant once in October 2015.

47. Plaintiff visited the Restaurant once in April 2016.

48. Plaintiff visited the Restaurant once in June 2016.

49. Plaintiff visited the Restaurant twice in July 2016.

50. These barriers caused Plaintiff great difficulty and frustration.

51. Plaintiff would like to return and patronize the Restaurant but will be deterred from visiting until the defendants cure the violations.

52. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

Complaint

53. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

54. Plaintiff is and has been deterred from returning and patronizing the Restaurant because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed.

55. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

56. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

57. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

58. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

Complaint

1    with disabilities. 42 U.S.C. § 12183(a)(2).

2    59. Each accessible parking stall must have an access aisle adjacent to it.

3    The access aisle must extend the full length of the parking spaces it serves. Id.

4    at § 502.3.2.

5    60. The failure to provide a sufficient access aisle at the van accessible

6    parking space is a violation of the ADA.

7    61. Any business that provides parking spaces must provide a sufficient

8    number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010

9    Standards § 208. According to the 1991 Standards, if a parking lot has 80

10   spaces, it must have 4 accessible parking spaces. 1991 Standards § 4.1.2(5)(a).

11   Under the 2010 Standards, a parking lot with 80 spaces must have 4 accessible

12   spaces. 2010 Standards § 208.2 and 1 of them must be van accessible. *Id.* at

13   208.2.4.

14   62. Here, there were just three parking spaces marked and reserved for

15   persons with disabilities.

16   63. Any business that provides parking spaces must provide accessible

17   parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify

18   as a reserved handicap parking space, the space must be properly marked and

19   designated. Under the ADA, the method, color of marking, and length of the

20   parking space are to be addressed by state or local laws or regulations. See 36

21   C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly

22   and effectively reserve a parking space for persons with disabilities, each

23   parking space must be at least 216 inches in length. CBC § 11B-502.2. The

24   access aisle must extend the full length of the parking spaces it serves. 2010

25   Standards § 502.3.2. Under the California Building Code, a sign must be

26   posted in a conspicuous place at the entrance to the parking lot or immediately

27   adjacent to each handicap parking space, with lettering 1 inch in height, that

28   clearly and conspicuously warn that unauthorized vehicles parking in the

8

Complaint

handicap parking spaces can be towed at the owner's expense. CBC §
1129B.4. The surface of the access aisle must have a blue border. CBC §
1129B.3. The words "NO PARKING" in letters at least a foot high must be
painted on the access aisle. *Id*.

64. Here, the van accessible parking space measured less than 216 inches
in length

65. Here, the access aisle serving the van accessible parking space
measured less than 216 inches in length.

66. Here, Defendants failed to post the required tow-away signage, in
violation of the ADA.

67. Sinks must provide knee clearance of at least 29 inches in height. 1991
Standards § 4.19.2 and Figure 31; 2010 Standards § 606.2 and 306.

68. Here, no such knee clearance was provided and this is a violation of the
ADA.

69. Sinks must be mounted so that the counter or rim is no higher than 34
inches above the finish floor. 1991 Standards § 4.24.2; 2010 Standards §
606.3.

70. Here, the sink was mounted higher than the maximum permitted and is
a violation of the ADA.

71. Mirrors shall be mounted with the bottom edge of the reflecting surface
no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6;
2010 Standards § 603.3.

72. Here, the mirror was mounted higher than the maximum permitted and
is a violation of the ADA.

73. A public accommodation must maintain in operable working condition
those features of its facilities and equipment that are required to be readily
accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

74. Here, the failure to ensure that the accessible facilities were available

Complaint

and ready to be used by the plaintiff is a violation of the law.

75. Given its location and options, plaintiff will continue to desire to patronize this Restaurant but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

76. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

77. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

78. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

79. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest frustration and physical personal injury greater than the amount of the statutory damages.

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: September 14, 2016          CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

11

Complaint